UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-24224

FRANCISCO SOTELO,

    Plaintiff,

vs.

INTERIOR GLASS DESIGN, LLC and
SANTIAGO GUZMAN,

    Defendants.
_____/

### COMPLAINT

Plaintiff, Francisco Sotelo, sues Defendant, Interior Glass Design, LLC, and Santiago Guzman, as follows:

*Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Francisco Sotelo**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay for all of the time that he spent working over 40 hours per week from Defendants.

2.    **Defendant, Interior Glass Design, LLC,** is a Florida for-profit limited liability corporation that is authorized to conduct and that actually conducts its installation business throughout this District, with an office / place of business within Miami-Dade County, Florida, and it is *sui juris*.

3.    **Defendant, Santiago Guzman**, was at all material times a resident of this

1

District; he was and is a manager, owner, officer, director, and/or operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations and was partially or totally responsible for paying Plaintiff's wages.

4.      Defendants were direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed the Plaintiff.

5.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants employed Plaintiff in this District, because Plaintiff worked in this District, because Defendants paid Plaintiff in this District, and because most of the actions complained of occurred within this District.

6.      This Court has original jurisdiction over Plaintiff's federal question claim and pendent/supplemental jurisdiction over his related Florida state-law claims.

### *Background Facts*

7.      Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

8.      Defendants, in the course of their purchase, fabrication, and installation of glass and materials have been at all times material engaged in interstate commerce, and Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

9.  Defendants also advertise their services on the Internet at http://www.interiorglassdesign.com/, a site that Defendants registered through GoDaddy.com, LLC, a foreign corporation.

10. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

11. Plaintiff worked for Defendant as an "installer" who installed interior glass enclosures and decorative glass items from 2013 to September 15, 2016.

12. During this time, Plaintiff utilized glass, adhesives, fasteners, hinges, handles, gaskets, plastics, brackets, metals, and rubberized materials that traveled in interstate commerce prior to his use and installation of them for Defendants.

13. Defendants also provided Plaintiff a van that was manufactured/assembled outside of the State of Florida to travel to and from the worksites designed by Defendants, to pick up the materials used at the jobsites, and to transport workers for Defendants.

14. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in Defendants' exclusive custody.

15. Plaintiff and Defendants agreed that Plaintiff's hourly rate would be $25/hour when he started working for them. Defendants then decreased Plaintiff's hourly rate to $22.50/hour.

16. Defendants would then pay Plaintiff for only 40 hours/week, even though Plaintiff routinely and consistently worked approximately 50-60 hours per week for Defendants (except for several weeks when Defendants paid Plaintiff $500 by check and the rest in cash).

17. Ultimately, Defendants failed and refused to pay Plaintiff overtime wages

3

calculated at time and one-half of his regular hourly rate for all hours worked over 40 hours in a given workweek.

16. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

17. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I – FLSA OVERTIME VIOLATION

Plaintiff, Francisco Sotelo, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

18. Defendants required that Plaintiff advance his own money on behalf of Defendants to pay day laborers.

19. Plaintiff requested reimbursement of these funds, but Defendants failed to reimburse Plaintiff for these work-related expenses.

20. Once Plaintiff ceased working for Defendants, he also requested that Defendants return the tools and a few pieces of material that he brought with him to work, but Defendants refused.

21. By retaining Plaintiff's property and by failing to reimburse Plaintiff for his employment-related expenses, Defendants reduced the wages "in hand" paid to Plaintiff, thereby further increasing the overtime wages owed to Plaintiff.

18. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of one and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

19.     Defendants either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay him overtime, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff the overtime pay he earned.

20.     Plaintiff and the members of the class are entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Francisco Sotelo, demands the entry of a judgment in his favor and against Defendants, Interior Glass Design, LLC, and Santiago Guzman, after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages for all overtime work performed for the Defendants within the past three years as provided under the law and in 29 U.S.C. § 216(b)

    b. That Plaintiff recover pre-judgment interest if he is not awarded liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

    d. That the Defendant be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    e. All interest allowed by law; and

5

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

  f. Such other and further relief as the Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

Plaintiff reincorporates and re-alleges paragraphs 1 through 17 as though set forth fully herein and further alleges as follows:

21. Plaintiff provided labor and services for Defendants, and they received and accepted the benefits of the labor and services supplied by Plaintiff.

22. Plaintiff provided his tools and materials to Defendants, and they received and accepted the benefits of the tools and materials supplied by Plaintiff.

23. Plaintiff also advanced money on behalf of Defendants to day laborers, and Defendants accepted the benefits of the money supplied by Plaintiff

24. Plaintiff expected to be paid a reasonable value for the labor, services, tools, materials, money, and laborers he provided to Defendants.

25. Defendants have been unjustly enriched in that they have failed and refused to make payment to Plaintiff for such benefits.

WHEREFORE Plaintiff, Francisco Sotelo, demands the entry of a judgment in his favor and against Defendant, Interior Glass Design, LLC, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

### **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 4th day of October, 2016.

                                  Respectfully Submitted,

                                  FAIRLAW FIRM
                                  7300 N. Kendall Drive
                                  Suite 450
                                  Miami, FL 33156
                                  Tel:   305.230.4884
                                  Fax:   305.230.4844

                                  *s/Brian H. Pollock, Esq.*
                                  Brian H. Pollock, Esq.
                                  Fla. Bar No. 174742
                                  brian@fairlawattorney.com

7

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*brian@fairlawattorney.com   www.fairlawattorney.com*