UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MIAMI

CASE NO. 16-CV-24224 –TORRES

FRANCISCO SOTELO
and LUIS SOTELO,

    Plaintiffs,   [CONSENT CASE – MAGISTRATE
     JUDGE ELECTED FOR ALL PURPOSES]

-vs-

INTERIOR GLASS DESIGN, LLC
and SANTIAGO GUZMAN,

    Defendants.

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND
DISMISSAL WITH PREJUDICE, AND INCORPORATED
MEMORANDUM OF LAW**

Plaintiffs Francisco Sotelo and Luis Sotelo ("Plaintiffs"), and Defendants, Santiago Guzman and Interior Glass design, LLC ("Defendants")(collectively "Parties"), by and through their respective undersigned counsel, hereby jointly move for Court approval of the mutually-agreed upon terms and conditions of a settlement between them (which Settlement Agreement is being jointly submitted to the Court by e-mail for *in camera* review) of Plaintiffs' claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq.*. If the Court approves the parties' Settlement Agreement, the parties respectfully request dismissal of the above-captioned action with prejudice, in its entirety, with the parties to bear their own costs, fees, and expenses except as otherwise set forth in the Settlement Agreement, with the Court to retain jurisdiction in the event there becomes a future need for enforcement. In support thereof, the Parties state as follows:

## MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT AND DISMISSAL OF ACTION

1. Plaintiffs filed a lawsuit against the Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq*. ("FLSA"). [ECF No. 1.]

2. Plaintiffs ultimately filed a Second Amended Complaint, wherein they alleged violations of the FLSA and Francisco Sotelo alleged violations of Florida law. [ECF No. 34.]

3. Defendant Interior Glass Design, LLC filed a Counterclaim against Franscisco Sotelo [ECF No. 35.] In its Counterclaim, Defendant Interior Glass Design, LLC sought an amount in excess of $180,000.

4. Francisco Sotelo disputed the merits of the Counterclaim and denied its allegations. [ECF No. 48.]

5. The parties completed discovery and began to prepare for trial.

6. To avoid the costs associated with continued litigation, and after detailed negotiations, after exploring the facts through discovery, the parties reached a complete settlement of the claims asserted in Plaintiffs' Complaint and Defendant's Counterclaim.

7. Defendants (and Plaintiffs) deny any and all allegations of wrongdoing, liability or fault, and, under the terms of their Settlement Agreement, do not admit liability.

8. In accordance with *Lynne's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the parties seek Court approval of the settlement of Plaintiffs' FLSA claims.

9. The Parties are jointly submitting the actual Settlement Agreement *in camera* for the Court's review.

WHEREFORE, Plaintiffs and Defendants jointly move for court approval of their Settlement Agreement, which is being submitted *in camera*, and for the entry of the proposed

Order being submitted contemporaneous with this Motion, following which the Parties jointly move that this case be dismissed with prejudice and that the case be closed.

## MEMORANDUM OF LAW

There are two ways that FLSA claims may be settled, compromised, or released by an employee. *Lynne's Food Stores*, 679 F.2d at 1352-53. The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor. *Id.* The second, which *does* apply in the instant case, permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354; *see also Brooks v. Continental Property Services, Inc.*, No. 6:07-cv-1513-ORL-19GJK, 2008 WL 781825 (M.D. Fla. Mar. 19, 2008) (approving FLSA settlement in accordance with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, No. 2:07-cv-279-FtM-29DNF, 2008 WL 875981 (M.D. Fla. Mar. 27, 2008) (same).

When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005); *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004)(there is a "strong presumption in favor of finding a settlement fair)(citing *Cotton*

3

*v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)); *see also Schottborgh v. Motor Car Concepts, II, Inc.*, 2009 WL 4730615, at *2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair."); *Tobar v. Khan*, No. 6:10–cv–239–Orl–22DAB, 2011 WL 564588, at *1 (M.D. Fla. Feb. 1, 2011), adopted at 2011 WL 397898 ("Settlement in the amount of $850 to Plaintiff for unpaid wages and liquidated damages, and $1400 for attorney's fees and costs is a fair and reasonable settlement" where there were disputed issues).

The settlement here is the negotiated result of an adversarial proceeding, which itself is an indication of its fairness. In *Lynn's Food Stores,* Judge Goldberg, sitting on the Eleventh Circuit by designation, noted that the initiation of the action by the employees provides some assurance of an adversarial context. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. 679 F.2d at 1354.

Here, Plaintiffs made claims for unpaid FLSA wages and other wages, and Defendants denied Plaintiffs' claims and asserted a number of defenses, while the corporate Defendant also asserted a significant Counterclaim against Francisco Sotelo. Plaintiffs' ability to recover what they obtained in settlement was in question, and it was possible that Francisco Sotelo could have been subjected to a substantial judgment at trial. *See Steinhauser v. Elec. Energy Sys., Inc.*, No. 6:08-cv-1518, 2009 WL 1458031 (M.D. Fla. May 26, 2009) (approving settlement agreement where "[i]t appeared that further litigation of this case might have resulted in no recovery to Plaintiff at all"). Here, the parties' Settlement Agreement represents an outcome that is reasonable given the facts of the case. In addition, Plaintiffs have received as value in their settlement a release of all claims made in the Counterclaim, which was a claim for a considerable

sum of money.

Both Parties agree that the proposed settlement is reasonable and fair, and that in arriving at the proposed settlement they considered: (1) liability disputes, including whether the FLSA applies and whether Plaintiffs were compensated properly for all wages in accordance with the FLSA, (2) whether Plaintiffs are entitled to alleged liquidated damages and whether the alleged FLSA violations were willful, and (3) the likelihood of Plaintiffs' success on the merits.

The Settlement Agreement stipulates to the fairness of the agreement that was reached after extensive negotiations (and a mediation):

> **6.     Fair and Adequate Consideration.** The Parties hereby agree and stipulate that the promises exchanged herein, and the Settlement Amount, are good, valuable, reasonable and sufficient consideration for this Settlement Agreement, and represent a fair and reasonable resolution of a *bona fide* dispute under the FLSA as to whether or not and to what extent the FLSA applies, whether wages are owed, and, if so, in what amount. Had the Lawsuit proceeded, the Parties would have had to conduct a trial, the outcome of which would have been uncertain for all Parties. The Parties agree and stipulate that Plaintiffs' counsel's fees and costs are reasonable for the amount of work performed at the time this settlement was reached. This settlement has taken place in an adversarial context where the issues are disputed in good faith, and it represents a fair and reasonable result. The Parties negotiated the terms of this Settlement Agreement at arms-length with the assistance of experienced FLSA counsel of their own choosing.  Plaintiffs' counsel's attorney's fees and costs were negotiated separate and apart from Plaintiffs' claims, and the amount to be paid by the Defendants for Plaintiffs' attorney's fees and costs constitute full satisfaction of Plaintiffs' counsel's fees and costs. The Parties agree that this amount represents reasonable attorneys' fees and costs.

*Id*.

Plaintiffs' counsel's attorney's fees and costs were negotiated separate and apart from Plaintiffs' claims and the amount paid by the Defendants for Plaintiffs' attorney's fees and costs constitute full satisfaction of Plaintiffs' counsel's fees and costs, which Plaintiffs' counsel compromised in order to resolve this case. The parties agree that this amount represents reasonable attorneys' fees and costs.

Under the factors outlined in *Manson v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-Orl-35GJK, 2012 WL 570060, at *1-2 (M.D. Fla. Feb. 17, 2012), the parties assert that: (1) there is absolutely no collusion behind this Agreement; (2) the case presented a number of complex issues, and the expense and likely duration of the litigation would have exceeded the amount of the settlement reached; (3) the trial of this matter would have been lengthy and detailed; (4) while Plaintiffs alleged violations of the FLSA, there was also strong opposition and a possibility that Plaintiffs would not have been able to prevail; and (5) the settlement reached – including the separate amount negotiated for Plaintiffs' attorney's fees and costs - was in the best interest of the parties and represented a fair and reasonable compromise of disputed claims.

The parties have been represented by counsel experienced in FLSA litigation at all times. Counsel have zealously represented their clients' respective interests, and have negotiated a settlement that is acceptable to Plaintiffs and Defendants.

**WHEREFORE**, Plaintiffs and Defendants respectfully request that the Court:

(i) approve the terms and conditions of the Settlement Agreement being submitted *in camera*;

(ii) dismiss the instant action in its entirety with prejudice, each party to bear its own costs, fees, and expenses except as otherwise set forth herein, upon condition that the Court

(iii) retain jurisdiction to enforce the terms of the parties' Settlement Agreement should such enforcement be necessary for a period of 15 months.

A proposed Order accompanies this Motion.

DATED this 19th day of September, 2017.

Respectfully submitted,

| | |
|---|---|
| */s/ Brian H. Pollock, Esq.* | */s/ Orion G. Callison, III, Esq.* |
| Brian H. Pollock, Esq. | Orion G. Callison, III, Esq. |
| (Fla. Bar No. 174742) | (Fla. Bar No. 0005223) |
| E-mail: brian@fairlawattorney.com | Email: orion@aglawpa.com |
| FAIRLAW FIRM | LAW OFFICE OF ALEXIS GONZALEZ, P.A. |
| 7300 N. Kendall Drive | 3162 Commodore Plaza, Suite 3E |
| Suite 450 | Coconut Grove, Florida 33133 |
| Miami, Florida 33156 | Tel: (305) 223-9999 |
| Tel: 305.230.4884 | Fax: (305) 223-1880 |
| Fax: 305.230.4844 | |